**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

APRIL HANKINS, individually and in her role as executrix of the estate of Vernon Hankins,

*Plaintiff*,

v.

PHILADELPHIA CONTRIBUTIONSHIP INSURANCE COMPANY, et al.,

*Defendants*.

Civil Action No. 15-203

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is Defendants Crawford & Company ("Crawford") and J. Clay Kincaid's motion for reconsideration of the February 25, 2020 Opinion and Order granting in part and denying in part two motions for summary judgment and dismissing motions concerning expert testimony as moot. D.E. 121. Alternately, Defendants seek a certification for interlocutory appeal. *Id.* In addition, the Association of Claims Professionals ("ACP"), which is not a party to this matter, filed a motion for leave to file an *amicus curiae* brief in support of the motion for reconsideration. D.E. 122. The Court reviewed the submissions[1] made in support and in opposition to the motions, and considered the motions without oral argument pursuant to Fed. R.

---

[1] For purposes of this Opinion, Crawford and Kincaid's brief in support of their motion for reconsideration (D.E. 121-1) will be referred to as "Defs. Br." and Plaintiffs' brief in opposition (D.E. 123) will be referred to as "Plfs. Opp." ACP's brief in support of its motion (D.E. 122-1) will be referred to as "ACP Br."

Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, the motions for reconsideration and for leave to file *amicus curiae* brief are **DENIED**.

## I.       FACTUAL BACKGROUND & PROCEDURAL HISTORY

This case stems from a tragic accident in which Vernon Hankins ('Mr. Hankins") was crushed by the "root ball" of a large tree on his property. After Mr. Hankins' death, Ms. Hankins brought this wrongful-death suit against her insurance company, Philadelphia Contributionship Insurance Company ("PCIC"); its claims service provider, Crawford; and the claims adjuster, Kincaid. Plaintiff alleges that Crawford and Kincaid failed to warn Mr. Hankins of known dangers on his properties, namely, that the root ball of a fallen tree could "upright" itself and that this failure to warn led to Mr. Hankins' death. Plaintiff also alleges that PCIC is vicariously liable for Kincaid's negligent conduct. The Court does not review the case's full factual and procedural history of this matter and instead incorporates by reference the detailed factual and procedural background from its January 22, 2018 Opinion ("January 22 Opinion"), D.E. 85, and the February 25, 2020 Opinion ("February 25 Opinion"), D.E. 109.

In the January 22 Opinion, this Court concluded that the actions of Mr. Hankins' neighbors were a superseding cause that terminated liability as to Mr. Kincaid as a matter of law. January 22 Opinion at 13. As a result, the Court granted Defendants' motions for summary judgment but did not reach the parties' arguments as to legal duty or vicarious liability. *Id.* at 9. Plaintiff appealed the January 22 Opinion and Order, and on May 15, 2019, the Third Circuit reversed and remanded to this Court for further proceedings. *See Hankins v. Phila. Contributionship Ins. Co.*, 771 F. App'x 148, 153 (3d Cir. 2019). In reversing, the Circuit determined that there were genuine issues of material fact that precluded a finding, as a matter of law, as to proximate cause. *Id.* at

151-53. The Third Circuit remanded the matter to this Court for a determination, in the first instance, as to duty and vicarious liability. *Id.* at 153.

As noted, the Circuit did not address the duty issue, but the Third Circuit did make several relevant observations as to duty. As a result, in the February 25 Opinion, this Court used the Third Circuit's Opinion to inform the analysis of whether any Defendant owed Plaintiff a legal duty. Specifically, this Court determined that the Circuit "view[ed] the duty issue as one based on affirmative advice from Kincaid." February 25 Opinion at 8. In addition, "the Circuit appeared to indicate that foreseeability of harm was sufficiently established (provided that a jury believed that Kincaid instructed Mr. Hankins to get into the hole to backfill it)." *Id.* With this guidance from the Circuit, this Court found a limited duty of care as to Kincaid because he affirmatively informed the Hankinses how to fill in the hole from the unrooted tree.[2] Because Kincaid affirmatively gave Mr. Hankins advice, he had a duty to not give advice in a negligent manner. *Id.* at 11.

Crawford and Kincaid now argue that by relying on the Third Circuit's Opinion to determine that a duty existed, this Court misapplied the law and used inadmissible evidence. As a result, Crawford and Kincaid seek reconsideration of this aspect of the February 25 Opinion. Defs. Br. at 1. Moreover, the ACP contends that its *amicus* brief will help the Court determine that Crawford and Kincaid do not owe a legal duty to the Hankinses. ACP Br. at 3. Crawford and Kincaid also seek reconsideration of the decision to dismiss the parties' *Daubert* motions as moot. Def. Br. at 1. In the alternative, Crawford and Kincaid maintain that the Court should certify the February 25 Opinion for interlocutory appeal to the Third Circuit. *Id.*

---

[2] As recognized by the Third Circuit, there is a genuine issue of material of fact as to what instructions Kincaid actually gave to Mr. Hankins during Kincaid's inspection of the property. February 25 Opinion at 7 (citing *Hankins*, 771 F. App'x at 152).

**II.     MOTION FOR RECONSIDERATION**

   **A.  Reconsideration Standard**

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Allowing a motion for reconsideration to go forward is an "extraordinary remedy" to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

A motion for reconsideration does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

For both issues, Crawford and Kincaid contend that the Court's decision was premised on a legal error. Crawford and Kincaid maintain that reconsideration of both issues is necessary to prevent manifest injustice. Defs. Br. at 3-8. To prevail under the manifest injustice prong, Crawford and Kincaid "must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mason v. Sebelius*, No. 11-2370, 2012

WL 3133801, at *2 (D.N.J. July 32, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

### B. Analysis

#### 1. Liability of Crawford and Kincaid

Crawford and Kincaid contend that the Third Circuit's discussion of foreseeability in this matter was limited to the context of proximate cause and, therefore, it was appropriate for the Circuit to rely on expert testimony. But because the Third Circuit used expert testimony to reach its conclusion, Crawford and Kincaid maintain that this Court should not have relied on the Circuit's Opinion for the determination of whether any Defendant owed Mr. Hankins a legal duty as expert testimony is not admissible to decide questions of law. Defs. Br. at 3-4. Crawford and Kincaid are correct that an expert witness may not render opinions on a matter that involves a question of law, such as whether a legal duty exists. *See, e.g.*, *Cottillion v. United Ref. Co.*, 781 F.3d 47, 51 (3d Cir. 2015) (explaining that "a purely legal question" is "not properly the subject of expert testimony"). But this Court did not rely on any expert testimony to conclude that Kincaid owed Mr. Hankins a limited duty here. Rather, this Court used the Circuit's Opinion as a framework upon remand. Crawford and Kincaid fail to explain why this amounts to a clear error of law and appear to misunderstand how the process of judicial review works.

Crawford and Kincaid also take issue with the Court's determination that Kincaid was aware of a dangerous condition or latent risk of harm when he performed his inspection. Defs. Br. at 5-6. But Crawford and Kincaid fail to point the Court to any evidence that it overlooked. Rather, they simply disagree with the Court's application of the relevant facts. But "[m]ere disagreement with the Court's decision" is not a proper basis to obtain reconsideration. *In re Hlywiak*, 573 F. Supp. 2d 871, 873 (D.N.J. 2008). Relatedly, Crawford and Kincaid also seek reconsideration of

the Court's statement that Kincaid was in a position of trust. Defs. Br. at 7. Crawford and Kincaid contend that this conclusion "finds no support in fact or law," but fail to point out what law or facts this Court misapplied. *Id.* Consequently, this argument also amounts to a mere disagreement with the Court's ruling.

In sum, Crawford and Kincaid fail to identify any law or facts that this Court overlooked in determining that Kincaid owed a limited duty that arose because of his decision to affirmatively give Mr. Hankins advice. Accordingly, the motion for reconsideration is denied on these grounds.

### 2. Motions to Bar Testimony

Because the Court did not rely on any expert reports to decide the motions for summary judgment, it dismissed the parties' motions to bar testimony as moot. The parties, however, were provided leave to refile their motions as motions *in limine* before trial. February 25 Opinion at 14. Crawford and Kincaid argue that by requiring the parties to refile their motions it will increase costs to the parties and burden the Court. Defs. Br. at 8. Crawford and Kincaid, however, do not assert that the Court overlooked any critical authorities or facts in reaching is decision. Thus, Crawford and Kincaid merely disagree with the Court's conclusion. As discussed, the "[m]ere disagreement with the Court's decision" is not a proper basis to obtain reconsideration. *In re Hlywiak*, 573 F. Supp. 2d at 873. Consequently, the motion for reconsideration is also denied as to this argument.

### III. INTERLOCUTORY APPEAL

#### A. Legal Standard

The statute governing interlocutory appeals provides in relevant part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the

> order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order[.]

28 U.S.C. § 1292(b).

Thus, a district court may certify a non-final order for interlocutory appeal where the order "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately [would] materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (internal quotation marks omitted). A controlling question of law is one in which, either (1) "if erroneous, would be reversible error on final appeal;" or (2) is "serious to the conduct of litigation, either practically or legally." *Id.* at 755.

A substantial ground for difference of opinion must arise "out of genuine doubt as to the correct legal standard." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). Mere disagreement with the district court's ruling is not enough. *Id.* Rather, "[a] substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Expl. (Ala.) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Therefore, "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id.*

Lastly, certification would materially advance the ultimate termination of the litigation "where the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate trial; or (3) issues that would make discovery more costly or burdensome." *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 635 (D.N.J. 2014). This element does not require a movant to establish that an appeal would guarantee termination of the litigation, but rather

"requires the court to analyze whether an immediate appeal *may materially* advance the termination of the litigation." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, No. 13-2382, 2013 WL 6506570, at *3 (M.D. Pa. Dec. 12, 2013).

"The burden is on the movant to demonstrate that all three requirements are met." *Piacentile v. Thorpe*, No. 12–7156, 2016 WL 3360961, at *2 (D.N.J. June 8, 2016) (quoting *Litgo N.J., Inc. v. Martin*, No. 06-2891, 2011 WL 1134676, at *2 (D.N.J. Mar. 25, 2011)). However, "even if all three criteria . . . are met, the district court may still deny certification, as the decision is entirely within the district court's discretion." *Id.* (quoting *Morgan v. Ford Motor Co.*, No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007)). Further, Section 1292(b) "is to be used sparingly and only in exceptional circumstances that justify a departure from the basic policy of postponing review until the entry of the final order." *Acosta v. Pace Local I-300 Health Fund*, No. 04-3885, 2007 WL 1074093, at *1 (D.N.J. Apr. 9, 2007) (quoting *Morgan*, 2007 WL 269806, at *2 (internal quotation marks omitted)); *see also Kapossy*, 942 F. Supp. at 1001 (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982) (stating that interlocutory appeal is "used sparingly" since it is "a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation") (internal quotation marks omitted)).

### B. Analysis

The Court will not certify the February 25 Opinion for interlocutory appeal because Crawford and Kincaid fail to establish that there is substantial ground for a difference of opinion as to the correctness of the February 25 Opinion and have not convinced the Court that this case involves "exceptional circumstances that justify a departure from the basic policy of postponing review until the entry of the final order." *See Acosta*, 2007 WL 1074093, at *1; *accord Piacentile*,

2016 WL 3360961, at *2.  While Crawford and Kincaid contend that there is a substantial ground for difference of opinion, their argument stems from a fundamental misunderstanding of the February 25 Opinion.  Namely, Crawford and Kincaid appear to believe that the Court determined that a legal duty exists by virtue of the fact that Kincaid is an insurance adjuster.  Defs. Br. at 9-11.  But the Court did not impose a blanket duty on insurance adjusters.  As discussed, this Court determined that a limited duty existed because Kincaid affirmatively chose to give Mr. Hankins instructions as to how to fill in the hole.  While Kincaid's role as an insurance adjuster was a factor in the analysis, the Court did not determine that a duty existed simply because Kincaid was an insurance adjuster.  As a result, Crawford and Kincaid fail to establish that a substantial ground for disagreement exists.

In addition, even if Crawford and Kincaid satisfied the three criteria necessary to certify a decision for interlocutory appeal, the Court would exercise its discretion and refuse to certify the February 25 Opinion.  Although these Defendant disagree with the conclusion, the February 25 Opinion was guided by the Third Circuit's decision in this matter.  Therefore, while an interlocutory appeal might provide clarity, the Court finds it more likely that an appeal would simply defer resolution of a case that already years old.  *See U.S. ex rel. Galmines v. Novartis Pharm. Corp.*, No. 06-3213, 2013 WL 4511626, at *2 (E.D. Pa. Aug. 26, 2013) (denying certification in a seven-year-old case where the court's prior holding was well supported by case law); *Singh v. Daimler-Benz, AG*, 800 F. Supp. 260, 263 (E.D. Pa. 1992) (denying certification where clear statutory language supported its previous holding); *Shevlin*, 2015 WL 348552, at *6 ("A critical factor is whether the interlocutory appeal will cause excessive delay.").  The Court cannot justify the delay of an interlocutory appeal under these circumstances.

### IV. MOTION TO FILE *AMICUS CURIAE* BRIEF

After Crawford and Kincaid filed their motion for reconsideration, the ACP filed its motion for leave to file an *amicus curiae* brief. The ACP's proposed *amicus* brief argues that imposing a limited duty of care here is contrary to public policy. D.E. 122. "District Courts may permit third parties to appear in court as amicus curiae where they 'can contribute to the court's understanding of the' issues being presented to the court." *United States v. Bayer Corp.*, No. 07-0001, 2014 WL 12625934, at *1 (D.N.J. Oct. 23, 2014) (quoting *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987)). Whether to grant leave to file an *amicus* brief "rests in the discretion of the court which may grant or refuse leave according as it deems the proffered information timely, useful or otherwise." *Id.* (quoting *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)). Here, because the Court determined that Crawford and Kincaid failed to identify any clear error of law, this Court will not reconsider any portion of the February 25 Opinion. As a result, an *amicus curiae* brief would not assist the Court in any manner. Thus, ACP's motion is denied.

### V. CONCLUSION

For the reasons stated above, the motion for reconsideration filed by Defendants Crawford & Company and James Kincaid (D.E. 121) is **DENIED**; and the motion for leave to file an *amicus curiae* brief (D.E. 122) is also **DENIED**. An appropriate Order accompanies this Opinion.

Dated: July 22, 2020

                                                                                             John Michael Vazquez, U.S.D.J.